■ In the Matter of the Claim of HELEN COHEN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board dated February 8, 1965 which, after granting claimant's application to reopen and reconsider its November 24, 1964 decision sustaining the initial determination of the Industrial Commissioner, upon such reopening adhered to its original decision that claimant was not available for employment and was therefore not eligible for benefits on August 3, 1964 (Labor Law, § 591, subd. 2). Claimant, a clerk-typist, made some efforts to find work but the record disclosed that these were limited in extent. She wrote letters and made telephone calls but between August 3 and 23, 1964 she visited only four places in person. The board found that claimant has not made substantial efforts to find work and that her attachment to the labor market has been too limited to satisfy the statutory requirement of availability. We have frequently held that whether a person is available for employment during a specific period is a question of fact to be determined by the Referee and the Appeal Board (*Matter of Dunn* [*Corsi*], 1 A D 2d 722; *Matter of Simpson* [*Catherwood*], 9 A D 2d 967; *Matter of Rivera* [*Catherwood*], 13 A D 2d 575). We may not say as a matter of law that the board could not find as it did upon this record. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

■

# (March 30, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD HILBERT, Appellant.— MEMORANDUM BY THE COURT. The only intent and effect of the testimony of the police officer as to the prior identification of defendant by the complaining witness, the *only* witness to identify defendant, was to bolster and corroborate the testimony of that witness. It was improperly received for such purpose (*People* v. *Trowbridge,* 305 N. Y. 471) and hence was so prejudicial as to require reversal, despite defendant's failure to object (Code Crim. Pro., § 542). It is unnecessary for us to determine the other assignments of error. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.